

**GEORGIA M. PESTANA**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**MATTHEW P. NEALON**
*Special Assistant Corporation Counsel*
(212) 356-0874

December 3, 2021

**VIA ECF**
Hon. Paul A. Crotty
United States Courthouse
500 Pearl Street
New York, New York 10007

*[handwritten: 12/7/21 / The request is granted / So ordered / Paul A. Crotty USDJ]*

Re: *L.W. v. N.Y.C. Dep't of Educ.*, 21-cv-6857 (PAC)(KHP)

Dear Judge Crotty:

    I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et. seq., as well as for this action.

    I write to respectfully request (1) an order compelling counsel to provide relevant attorney billing records no later than December 15, 2021, and (2) a stay of this action, pending further order of the Court, with a joint status letter due by March 9, 2022, informing the Court that the matter has been fully resolved, or, proposing a briefing schedule for a simple fees motion (specifically not a Rule 56 motion, as liability is not at issue, rather the reasonableness of the fees sought), or, in the alternative, that Defendant's time to respond to the complaint be extended 90-days, i.e., March 6, 2022. We note that no discovery is needed in this case, and these IDEA fees-only cases are almost always resolved without the need for any Court intervention. No conference is currently scheduled in this case.

    Plaintiff's counsel had previously agreed to a 90-day extension of time for Defendant to file an answer in this matter, and to provide the requested billing records no later than today.

    Despite our best efforts, Plaintiff's counsel has not provided Defendant with the relevant attorney billing records, preventing settlement. On August 31, 2021 (ECF 6), Your Honor granted a 90-day extension of Defendant's time to respond to the complaint, which reflected Defendant's need for billing records to properly facilitate a settlement with Plaintiff; our answer is now currently due on December 6, 2021. Despite requests made to Plaintiff's counsel on August 27, September 4, October 29 and November 20, 2021, together with numerous other requests conveyed to Ms. Roller's staff by telephone, no records have been produced to date, preventing Defendant from initiating the settlement process.